**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MELISSA HARDAN,<br><br>    Plaintiff,<br>vs.<br><br>NYE COUNTY SHERIFF'S OFFICE; a political subdivision of the State of Nevada and the County of Nye; SHERIFF ANTHONY L. DeMEO, individually; ASSISTANT SHERIFF RICHARD MARSHALL, individually; LIEUTENANT MARK MEDINA, individually; OFFICER CORY FOWLES, individually,<br><br>    Defendants. | Case No.: 2:15-cv-0470-GMN-PAL<br><br>**ORDER** |

  Pending before the Court is a Motion for Partial Dismissal and Motion for a More Definite Statement, (ECF No. 9), filed by Defendants Nye County Sheriff's Office, Sheriff Anthony L. Demeo, Assistant Sheriff Richard Marshall, Lieutenant Mark Medina, and Officer Cory Fowles (collectively, "Defendants").  Plaintiff Melissa Hardan filed a Response, (ECF No. 17), and Defendants filed a Reply, (ECF No. 21).

**I. BACKGROUND**

  This case arises out of the fatal shooting of Plaintiff's dog on March 22, 2013. (Compl., ECF No. 1).  According to Plaintiff, Officer Cory Fowles ("Fowles") arrived at Plaintiff's home in response to a complaint of a substitute teacher's use of corporal punishment on Plaintiff's son. (*Id.* ¶ 16).  When Fowles arrived at Plaintiff's residence, no one was home, and Fowles "scaled the locked and gated fence and entered Plaintiff's enclosed yard without any

justification to do so." (*Id.* ¶¶ 17–18).  Plaintiff's dog, Roxy, was enclosed in the yard, and Fowles shot and killed her. (*Id.* ¶ 19).

Moreover, Plaintiff alleges that Defendants Sheriff Anthony L. Demeo ("Demeo") and Assistant Sheriff Richard Marshall ("Marshall") ratified Fowles's killing of Plaintiff's dog. (*Id.* ¶ 20).  Additionally, Plaintiff contends that Marshall covered up the violations of Plaintiff's civil rights by refusing to comply with Plaintiff's state freedom of information request, and Lieutenant Mark Medina ("Medina") refused to investigate Plaintiff's allegations. (*Id.* ¶¶ 23–24).  Plaintiff also alleges that Medina showed up at her workplace and attempted to intimidate her and dissuade her from seeking redress against Nye County. (*Id.* ¶ 24).

As a result, Plaintiff filed the instant action in this Court on March 13, 2015. (*See id.*). Plaintiff asserts the following causes of action: (1) 42 U.S.C. § 1983 violations of First, Fourth, and Fourteenth Amendments; (2) 42 U.S.C. § 1983 *Monell* claims; (3) negligence; and (4) intentional infliction of emotional distress. (*Id.* ¶¶ 27–61).  Shortly thereafter, Defendants filed the instant Motion for Partial Dismissal and Motion for a More Definite Statement. (ECF No. 9).

## II.  LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. DISCUSSION

In their Motion for Partial Dismissal and Motion for a More Definite Statement, Defendants set forth the following arguments: (1) claims against Nye County Sheriff's Office must be dismissed because it is not an independent legal entity and it does not have the capacity to be sued in its own name; (2) Plaintiff's claim that Medina interfered with her right to petition the government warrants dismissal "because, by her own admission, she was given the opportunity to speak to Lt. Medina about the pertinent events at the place of her employment"; and (3) Plaintiff cannot recover noneconomic damages for the loss of her pet pursuant to Nevada law. (Mot. Partial Dismissal 4:12–19, ECF No. 9). Further, Defendants request a more definite statement under Federal Rule of Civil Procedure 12(e). (*Id.* 7:10–21).

**A. Plaintiff's Claims Against Nye County Sheriff's Office**

In her Response, Plaintiff concedes that she incorrectly named the Nye County Sheriff's Office rather than Nye County itself. (Resp. 4:22–26, ECF No. 17). Defendants' Reply states that they "do not object to [Plaintiff] amending her complaint to substitute Nye County in the

place of the originally named defendant, Nye County Sheriff's Office." (Reply 3:15–18, ECF No. 21).  Therefore, the Court grants Plaintiff leave to amend her Complaint to substitute Nye County in the place of the originally named defendant, Nye County Sheriff's Office.

### B. Plaintiff's First Amendment Claim Against Medina

Deliberate retaliation by state actors against an individual's exercise of her First Amendment right to petition the government for redress of grievances is actionable under § 1983. *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989).  To demonstrate retaliation in violation of the First Amendment, a plaintiff must prove: (1) a defendant took action that would chill a person of ordinary firmness from future First Amendment activities, and (2) the defendant would not have taken the action but for the defendant's desire to chill plaintiff's speech. *Skoog v. Cty. of Clackamas*, 469 F.3d 1221, 1232 (9th Cir. 2006).

Defendants argue that Plaintiff's "right to petition the government was satisfied" by Medina's visit to Plaintiff's place of employment to allow her the "opportunity to air her grievances." (Mot. 6:15–17, ECF No 9).  However, Plaintiff contends that this visit was in fact the very instance at which her right to petition was adversely impacted: "Medina showed up at Plaintiff's work and attempted to intimidate her and dissuade her from seeking redress against Nye County by yelling at her and saying words intended to prevent the Plaintiff from petitioning her government concerning their misconduct." (Compl. ¶ 24, ECF No. 1).  Nevertheless, without any further facts, this conclusory statement alone does not provide sufficient factual content to survive a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Accordingly, to the extent that Plaintiff's first cause of action alleges a violation of her First Amendment right to petition, that cause of action is dismissed without prejudice, with leave to amend.

**C. Plaintiff's Intentional Infliction of Emotional Distress Claim for Dog's Death**

Defendants seek to dismiss Plaintiff's fourth cause of action to the extent that it alleges intentional infliction of emotional distress because of the shooting of Plaintiff's dog. (Mot. 6:21–7:9, ECF No. 9). Defendants cite Nev. Rev. Stat. § 41.740 for the proposition that Plaintiff cannot recover damages for emotional distress regarding the death of her dog. (*Id.* 7:1–5). While Nev. Rev. Stat. § 41.740 allows for the reimbursement of certain expenses in such situations, it expressly prohibits the award of punitive and noneconomic damages. Nev. Rev. Stat. § 41.740(2). In her Response, Plaintiff "seeks the opportunity to clarify that she does NOT seek damages for emotional distress . . . [and] respectfully requests that she be provided the opportunity to clarify any uncertainty concerning the categories of damages under her state tort claims." (Resp. 5:25–28, ECF No. 17). Insofar as Plaintiff's claim alleges damages for emotion distress relating to her dog's death, this claim is dismissed. The Court grants Plaintiff leave to amend her Complaint; however, if Plaintiff again alleges emotional distress relating to the shooting of her dog, then this claim will be dismissed with prejudice.

**D. Defendants' Motion for More Definite Statement**

A motion for a more definite statement is made pursuant to Rule 12(e), which requires the filing of an amended pleading where the initial pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Rule 12(e) is designed to strike at unintelligibility, rather than want of detail." *Woods v. Reno Commodities, Inc.,* 600 F. Supp. 574, 580 (D. Nev. 1984). Motions for a more definite statement are disfavored and rarely granted. *See Millenium Drilling Co. v. Beverly House-Meyers Revocable Trust,* 2013 WL 2152756, at *3 (D. Nev. May 16, 2013) (quoting *Sagan v. Apple Comput., Inc.,* 874 F. Supp. 1072, 1077 (C.D. Cal. 1994)).

Defendants request clarification regarding Plaintiff's Fourth Amendment claim, how Medina prevented her from petitioning the government, and the manner in which Demeo and

Marshall ratified any alleged unconstitutional policies. (Mot. 7:14–20, ECF No. 9). As such, Defendants' Motion for More Definite Statement seeks additional facts for clarity, rather than alleging that Plaintiff's Complaint is unintelligible. Accordingly, Defendants' Motion for More Definite Statement is denied.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion for Partial Dismissal and Motion for More Definite Statement (ECF No. 9) is **GRANTED in part, DENIED in part**, pursuant to the foregoing.

**IT IS FURTHER ORDERED** that Plaintiff shall have until March 10, 2016, to file an amended complaint which accurately names the Defendants and corrects the deficiencies in her claims for First Amendment right to petition and intentional infliction of emotional distress. Failure to file by this deadline will result in dismissal of these claims with prejudice.

**DATED** this  18  day of February, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court